RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
JEAN WILLIAMS, Chief
REBECCA J. RILEY, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0202
Facsimile: (202) 305-0275

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIDCOAST FISHERMEN'S ASSOCIATION, et al., | Case No. 07-2336 (HHK) |
| Plaintiffs, | |
| | **FEDERAL DEFENDANTS' ANSWER** |
| v. | |
| CARLOS M. GUTIERREZ, et al., | |
| Defendants. | |

Defendants Carlos M. Gutierrez, in his official capacity as Secretary of the United States Department of Commerce, National Oceanic and Atmospheric Administration, and National Marine Fisheries Service ("NMFS"), (collectively referred to hereinafter as "Defendants"), hereby answer the Amended Complaint filed by Plaintiffs Midcoast Fishermen's Association and Curt Rice, admitting, denying, averring, and alleging as appropriate.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiffs' Amended Complaint.

1. The allegations contained in the first two sentences of paragraph 1 are characterizations of Plaintiffs' claims and conclusions of law that require no response. Defendants deny the allegations in the third sentence of paragraph 1.

2. Defendants are without sufficient information or belief to admit or deny the allegations contained in the first sentence of paragraph 2 and, on that basis, deny them. The second sentence of paragraph 2 purports to characterize the "Report on the Status of the U.S. Fisheries for 2006," a document that speaks for itself and is the best evidence of its contents.

3. Defendants deny the allegations in the paragraph 3.

4. The allegations contained in paragraph 4 are characterizations of Plaintiffs' claims and conclusions of law that require no response.

5. The allegations in the first sentence of paragraph 5 is a conclusion of law, to which no response is required. The allegations in the second and third sentences of paragraph 5 purport to characterize the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), a statute that speaks for itself and is the best evidence of its contents. The fourth sentence of paragraph 5 purports to characterize a NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents. Defendants admit that Plaintiff filed their original complaint within thirty days after electronic receipt of the NMFS letter.

6. The allegations contained in paragraph 6 are conclusions of law, to which no response is required.

7. The allegations contained in paragraph 7 are conclusions of law, to which no response is required.

8. The allegations contained in paragraph 8 are conclusions of law, to which no response is required.

DESCRIPTION OF THE PARTIES

9. Defendants are without sufficient information or belief to admit or deny the allegations contained in paragraph 9 and, on that basis, deny them.

10. Defendants are without sufficient information or belief to admit or deny the allegations contained in paragraph 10 and, on that basis, deny them.

11. Defendants admit the allegations contained in paragraph 11.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

LEGAL AND FACTUAL BACKGROUND

14. The allegations in paragraph 14 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

15. The allegations in paragraph 15 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

16. The allegations in paragraph 16 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

17. The allegations in paragraph 17 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

18. The allegations in paragraph 18 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

19. The allegations in paragraph 19 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

20. The allegations in paragraph 20 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

21. The allegations in paragraph 21 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

22. The allegations in paragraph 22 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

23. The allegations in paragraph 23 purport to characterize the MSA regulations, which speak for themselves and are the best evidence of their contents.

24. Defendants admit the allegations contained in paragraph 24.

25. Defendants admit the allegations contained in paragraph 25.

26. The allegations in paragraph 26 purport to characterize the Northeast Multispecies Fishery Management Plan ("FMP"), a document that speaks for itself and is the best evidence of its contents.

27. The allegations in paragraph 27 purport to characterize the Northeast Multispecies Fishery Management Plan ("FMP"), a document that speaks for itself and is the best evidence of its contents.

28. The allegations in paragraph 28 purport to characterize a rule published in the federal register, which speaks for itself and is the best evidence of its contents.

29. The allegations in paragraph 29 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

30. The allegations in paragraph 30 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents.

31. The allegations in the first sentence of paragraph 31 purport to characterize the MSA, a statute that speaks for itself and is the best evidence of its contents. The allegations in the remaining sentences of paragraph 31 purport to characterize NMFS policy guidelines published in

the federal register. These policy guidelines speak for themselves and are the best evidence of their contents.

32. The allegations in paragraph 32 purport to characterize the Administrative Procedure Act, a statute that speaks for itself and is the best evidence of its contents.

33. The allegations in paragraph 33 purport to characterize the Administrative Procedure Act, a statute that speaks for itself and is the best evidence of its contents.

34. Defendants admit the allegations contained in the second sentence of paragraph 34. In response to the allegations contained in the first sentence of paragraph 34, Defendants admit that many New England groundfish populations are depleted and have been for many years. Defendants further admit that management of the New England groundfish fishery is complicated by the use of different kinds of gear, so that even if limits are placed on fishing of one species, such as cod, bycatch of other species may occur. Defendants admit that to restore depleted groundfish populations to healthy levels, strict conservation measures are required to control all catch that occurs in a fishery. Defendants deny the remaining allegations contained in paragraph 34.

35. Defendants deny the allegations contained in the first sentence of paragraph 35. The allegations in the second and third sentences of paragraph 35 purport to characterize "New England Groundfish in Our Living Oceans," a document that speaks for itself and is the best evidence of its contents.

36. The allegations in paragraph 36 purport to characterize "New England Groundfish in Our Living Oceans," a document that speaks for itself and is the best evidence of its contents.

37. The allegations in paragraph 37 purport to characterize the decision in <u>Conservation Law Foundation of New England v. Mosbacher</u>, which speaks for itself and is the best evidence of its contents.

38. Defendants deny the allegations in the first sentence of paragraph 38. The allegations in the second and third sentences of paragraph 38 purport to characterize "The Congressional Record," which speaks for itself and is the best evidence of its contents.

39. The allegations in paragraph 39 purport to characterize the "Report to Congress: Status of Fisheries of the United States," which speaks for itself and is the best evidence of its contents.

40. The allegations in paragraph 40 purport to characterize the decision in <u>Conservation Law Foundation v. Evans</u>, which speaks for itself and is the best evidence of its contents.

41. The allegations contained in paragraph 41 characterize a lawsuit filed by conservation groups, <u>Oceana v. Evans</u>, 2005 WL 555416 (D.D.C.), which speaks for itself and is the best evidence of its contents.

42. The allegations in the first sentence of paragraph 42 purport to characterize the decision in <u>Oceana v. Evans</u>, which speaks for itself and is the best evidence of its contents. Allegations in the second and third sentences of paragraph 42 purport to characterize the Magnuson-Stevens Reauthorization Act, which speaks for itself and is the best evidence of its contents.

43. The allegations in paragraph 43 purport to characterize rules published in the federal register and federal regulations, which speak for themselves and are the best evidence of their contents.

44. The allegations in paragraph 44 purport to characterize a rule published in the federal register, which speaks for itself and is the best evidence of its contents.

45. The allegations in paragraph 45 purport to characterize the Petition for Rulemaking filed by the Plaintiffs, which speaks for itself and is the best evidence of its contents.

46. Defendants admit that "midwater" trawl vessels fish by dragging nets behind their vessels, and at times operate in pairs as "pair trawls" which can result in making a larger net that is

towed behind them. Defendants admit the allegations contained in the second sentence of paragraph 46. Defendants admit that the fishing gear is characterized as "midwater" trawl gear because it is designed to be fished in the middle of the water column where pelagic species like herring are commonly found, especially at night. Defendants deny the remaining allegations in paragraph 46.

47. Defendants are without sufficient information or belief to admit or deny the allegations contained in paragraph 47 and, on that basis, deny them.

48. The allegations in the first and second sentences of paragraph 48 purport to characterize enforcement actions taken by NMFS in 2004, which speak for themselves and are the best evidence of their contents. Defendants admit the allegations in the third sentence of paragraph 48.

49. The allegations in paragraph 49 purport to characterize the Final Rule Implementing Framework Adjustment 43 to the Northeastern Multispecies FMP, which speaks for itself and is the best evidence of its contents.

50. Defendants deny the allegations contained in the first sentence of paragraph 50. The allegations in the second sentence of paragraph 50 purport to characterize the Petition for Rulemaking filed by the Plaintiffs, which speaks for itself and is the best evidence of its contents. Defendants are without sufficient information or belief to admit or deny the allegations contained in the third sentence of paragraph 50 and, on that basis, deny them.

51. The allegations in paragraph 51 purport to characterize the "Report on the Status of the U.S. Fisheries for 2006," which speaks for itself and is the best evidence of its contents.

52. The allegations in the first, second, and fifth sentences of paragraph 52 purport to characterize the "Groundfish Assessment Review Meeting," a document that speaks for itself and is the best evidence of its contents. The allegations in the third and fourth sentences of paragraph 52 purport to characterize the "Report on the Status of the U.S. Fisheries for 2006," which speaks

for itself and is the best evidence of its contents.

53. The allegations in the first sentence of paragraph 53 purport to characterize the Petition for Rulemaking filed by the Plaintiffs, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of paragraph 53 purport to characterize "Efficacy of Fisher Closures in the Gulf of Maine," which speaks for itself and is the best evidence of its contents.

54. Defendants deny the allegations contained in paragraph 54.

55. Defendants deny the allegations contained in paragraph 55.

56. The allegations in the first sentence of paragraph 56 purport to characterize the "Final Draft Northeast Region Standardized Bycatch Reporting Methodology," which speaks for itself and is the best evidence of its contents. Defendants are without sufficient information or belief to admit or deny the allegations contained in the second sentence of paragraph 56 and, on that basis, deny them.

57. Defendants admit NMFS sent a one-page letter to counsel for the Plaintiffs by electronic mail. The remaining allegations in paragraph 57 purport to characterize the letter sent by NMFS to the Plaintiffs, which speaks for itself and is the best evidence of its contents.

58. Defendants admit that midwater trawl fishing vessels will continue to operate in areas of the ocean off New England. Defendants deny the remaining allegations in paragraph 58.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

59. Defendants reallege and incorporate by reference their responses to paragraphs 1 – 58 inclusive.

60. The allegations in paragraph 60 purport to characterize the Administrative Procedure Act, a statute that speaks for itself and is the best evidence of its contents.

61. Defendants admit that a premise for allowing fishing vessels using midwater trawl gear into groundfish closed areas was that they caught negligible amounts of groundfish. Defendants deny the remaining allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. The allegations in the first sentence of paragraph 63 purport to characterize the NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the second sentence of paragraph 63.

64. The allegations in the first sentence of paragraph 64 purport to characterize the NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the second sentence of paragraph 64.

65. The allegations in the first sentence of paragraph 65 purport to characterize the NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations in the second sentence of paragraph 65.

66. The allegations in paragraph 66 are conclusions of law to which no response is required.

67. The allegations in paragraph 67 are conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF

68. Defendants reallege and incorporate by reference their responses to paragraphs 1 – 67 inclusive.

69. The allegations in paragraph 69 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents.

70. The allegations in paragraph 70 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents.

71. Defendants admit the allegations in the first, second, and third sentences of paragraph

71. To the extent that the allegations in the fourth sentence of paragraph characterizes documents cited in paragraphs 51 and 52, those documents speak for themselves and are the best evidence of their contents.  Defendants aver that the status of the stocks is currently being reassessed.

72. The allegations in the first sentence of paragraph 72 purport to characterize the NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents.

73. Defendants deny the allegations contained in paragraph 73.

74. The allegations in paragraph 74 are conclusions of law to which no response is required.

75. The allegations in paragraph 75 are conclusions of law to which no response is required.

76. The allegations in paragraph 76 are conclusions of law to which no response is required.

### THIRD CLAIM FOR RELIEF

77. Defendants reallege and incorporate by reference their responses to paragraphs 1 – 76 inclusive.

78. The allegations in paragraph 78 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents.

79. The allegations in paragraph 79 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents.

80. The allegations in the first sentence of paragraph 80 purport to characterize the NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations contained in the second sentence of paragraph 80.

81. Defendants deny the allegations contained in paragraph 81.

82. Defendants deny the allegations contained in paragraph 82.

83. The allegations in paragraph 83 are conclusions of law to which no response is required.

84. The allegations in paragraph 84 are conclusions of law to which no response is required.

85. The allegations in paragraph 85 are conclusions of law to which no response is required.

86. The allegations in paragraph 86 are conclusions of law to which no response is required.

## FOURTH CLAIM FOR RELIEF

87. Defendants reallege and incorporate by reference their responses to paragraphs 1 – 86 inclusive.

88. The allegations in paragraph 88 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents.

89. Defendants are without sufficient information or belief to admit or deny the allegations contained in clause (I) of paragraph 89 and, on that basis, deny them. Defendants admit the allegations contained in clause (ii) of paragraph 89. Defendants deny the remaining allegations in paragraph 89.

90. The allegations in the first sentence of paragraph 90 purport to characterize the NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents.

91. The Defendants deny the allegations contained in paragraph 91.

92. The allegations in paragraph 92 are conclusions of law to which no response is required.

93. The allegations in paragraph 93 are conclusions of law to which no response is required.

94. The allegations in paragraph 94 are conclusions of law to which no response is required.

## FIFTH CLAIM FOR RELIEF

95. Defendants reallege and incorporate by reference their responses to paragraphs 1 – 94 inclusive.

96. The allegations in paragraph 96 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents.

97. The allegations in paragraph 97 purport to characterize the NMFS policy guidelines, which speak for themselves and are the best evidence of their contents.

98. The allegations in paragraph 98 purport to characterize the NMFS policy guidelines, which speak for themselves and are the best evidence of their contents.

99. The allegations in paragraph 99 purport to characterize the June 2007 report on the status of U.S. Fisheries, which speaks for itself and is the best evidence of its contents.

100. The allegations in paragraph 100 purport to characterize the June 2007 report on the status of U.S. Fisheries, which speaks for itself and is the best evidence of its contents.

101. Defendants are without sufficient information or belief to admit or deny the allegations contained in paragraph 101 and, on that basis, deny them.

102. Defendants deny the allegations contained in paragraph 102.

103. The allegations in paragraph 103 purport to characterize a 2007 analysis by NMFS of its bycatch monitoring program, which speaks for itself and is the best evidence of its contents.

104. The allegations in paragraph 104 purport to characterize the NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents.

105. The allegations in paragraph 105 purport to characterize the NMFS letter sent in response to Plaintiffs' Petition for Rulemaking, which speaks for itself and is the best evidence of its contents.

106. The allegations in paragraph 106 are conclusions of law to which no response is required.

107. The allegations in paragraph 107 are conclusions of law to which no response is required.

## PRAYERS FOR RELIEF

The Defendants deny that Plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendants, and that they be allowed costs and such other and further relief as the court may allow.

## GENERAL DENIAL

Defendants deny each and every allegation of the complaint that has not been specifically admitted, denied, or otherwise qualified.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Some or all of Plaintiffs' causes of action fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Some or all of Plaintiffs' causes of action may be barred by the statute of limitations.

WHEREFORE, Defendants request that this Court dismiss Plaintiffs' Amended Complaint, enter judgment for the Defendants, and award Defendants court costs and any such further relief that this Court deems just and appropriate.

Dated this 16th day of April, 2008.	Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
JEAN WILLIAMS, Section Chief


 /s/ Rebecca J. Riley
REBECCA J. RILEY,  Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, DC 20044-7369
(202) 305-0202
(202) 305-0275 (fax)